UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| NEXPERA LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:25-CV-00047 |
| | § | |
| SAGE ENVIRO TECH LTD., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court are: (1) a Joint Request for Injunctive Relief (D.E. 118) filed by Defendants Sage Enviro Tech Ltd., Sage Water, Ltd., (jointly Sage) and Daniel J. Prokop (Prokop); and (2) Plaintiff Nexpera LLC's (Nexpera's) Emergency Application for Temporary Restraining Order and Motion for Preliminary Injunction (D.E. 123). On April 30, 2026, after a hearing (Transcript, D.E. 143), United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation on the Parties' Cross-Motions for Temporary Restraining Orders (M&R, D.E. 139), recommending that both motions be denied without prejudice. Defendants Sage and Prokop timely filed objections (D.E. 142), to which Nexpera replied (D.E. 149).

## STANDARD OF REVIEW

**M&R Procedure**. "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (per

curiam) (discussing pro se petitioner's objections to M&R), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

**Preliminary Injunctive Relief**. With respect to a request for preliminary injunctive relief, the Supreme Court has long held that:

> Crafting a preliminary injunction is an exercise of discretion and judgment, often dependent as much on the equities of a given case as the substance of the legal issues it presents. The purpose of such interim equitable relief is not to conclusively determine the rights of the parties, but to balance the equities as the litigation moves forward.

*Trump v. Int'l Refugee Assistance Project*, 582 U.S. 571, 579–80 (2017) (citations omitted).

> The correct general doctrine is that whether a preliminary injunction shall be awarded rests in sound discretion of the trial court. Upon appeal, an order granting or denying such an injunction will not be disturbed, unless contrary to some rule of equity, or the result of improvident exercise of judicial discretion.

*Meccano, Ltd., v. John Wanamaker, New York*, 253 U.S. 136, 141 (1920) (citations omitted).

## DISCUSSION

According to the Fifth Circuit:

> Any injunctive relief is considered an ***extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion***. A district court may grant a preliminary injunction only if the movant establishes four requirements:

2 / 11

> First, the movant must establish a substantial likelihood of success on the merits. Second, there must be a substantial threat of irreparable injury if the injunction is not granted. Third, the threatened injury to the plaintiff must outweigh the threatened injury to the defendant. Fourth, the granting of the preliminary injunction must not disserve the public interest.
>
> Each of these elements is a mixed question of fact and law; we review a district court's findings of fact under a clearly erroneous standard and its conclusions of law de novo. ***The ultimate issue, however, is whether the district court abused its discretion in granting the preliminary injunction***.

*Harris Cnty., Tex. v. CarMax Auto Superstores Inc.*, 177 F.3d 306, 312 (5th Cir. 1999) (quotation marks and citations omitted; emphasis added).

## A. Likelihood of Success on the Merits

Defendants object to the Magistrate Judge's analysis of their evidence of their likelihood of success on the merits because he refers to a large number of fact questions and insufficient evidence. D.E. 142, p. 2. They contend that the M&R errs in applying the wrong standard of review akin to a summary judgment burden rather than a prima facie case burden for issuing injunctive relief. *Id.* (citing *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013)). They claim that they are entitled to preliminary injunctive relief because they have made a prima facie showing with some evidence.

The problem with this case is that the trade secret at issue is the KOH regeneration technology being used by the respective parties. Nexpera claims that Sage is using its technology by employing its predecessor's expert (Prokop), consulting with another high-ranking former employee (McIntosh) to learn of Nexpera's ongoing work, and building

facilities that are consistent with Nexpera's technology. Sage argues that Nexpera is using its technology, based on what McIntosh has stated regarding photographic images and video recordings from inside a Sage client facility, and that Nexpera's HARDTAC technology is otherwise part of the public domain. What is lacking in the record is any scientific evidence that the KOH regeneration technology that both claim as a trade secret is actually the technology being misappropriated or threatened by the other.

To date, all that the Court knows is that both Nexpera and Sage claim that, whatever their technology actually is, it has been appropriated by the other based on what may be gleaned from the external configuration of their respective facilities and the unspecified nature of both (a) former employee disclosures and (b) filming from inside a client facility. While each party makes allegations that make their respective claims plausible, and each has provided some evidence of exploitive conduct, neither has yet made a prima facie showing of exactly what the trade secret is that they are trying to protect from exploitation and whether it has, in fact, been exploited or threatened. Analogizing this case to a murder, the Court may have before it some evidence of means, opportunity, and motive against each party, but it does not have a body. The parties may have seen the body, but they have not presented its evidence to the Court.

The Magistrate Judge was therefore correct to find that there were factual deficiencies that counseled against the exercise of equitable powers to grant relief to interfere in the operations of either—or both parties'—businesses. The Court does not yet know which side to believe with respect to the ownership or use of the contested

technology. And the parties' contentious approach to pretrial procedures, including discovery, has impeded progress in that regard.

The Magistrate Judge observed, "This is basically; you are asking the Court to inflict pain on each other in the form of motions that are essentially weaponizing both sides' – the litigation process." D.E. 143, p. 73. The Court need not exercise its discretion to choose a preliminary winner on these minimal and conflicting facts and disrupt the loser's operations while the case continues to trudge entirely too slowly to its ultimate conclusion. When both sides are making affirmative claims about technology fundamental to their business operations, and neither side has produced evidence to move its likelihood of success on the merits past 50%, the Magistrate Judge was correct to find this factor counseled against issuing an injunction against either party.

Defendants did not satisfy their burden of proof regarding likelihood of success.

## B. Irreparable Harm

Defendants object that the Magistrate Judge's failure to find irreparable harm absent injunctive relief is erroneous because Nexpera's ability to implement new facilities using Sage's trade secrets will eliminate any ability to protect those trade secrets and because Nexpera is damaging Sage's goodwill, which cannot be recovered. D.E. 142, p. 2 (citing *FMC Corp. v. Varco Int'l, Inc.*, 677 F.2d 500, 504 (5th Cir. 1982) and *Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 810 (5th Cir. 1989)). Irreparable harm is "harm for which there is no adequate remedy at law." *Daniels Health*, 710 F.3d at 585 (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

**Goodwill**. Ordinarily, when an award of damages can remedy the harm, it is not irreparable. *City of Meridian, Miss. v. Algernon Blair, Inc.*, 721 F.2d 525, 529 (5th Cir. 1983). Even loss of goodwill can be valued in monetary terms. *DFW Metro Line Servs. v. Sw. Bell Tel. Co.*, 901 F.2d 1267, 1269 (5th Cir. 1990); Kenneth M. Kolaski, Esquire, CPA & Mark Kuga, Ph.D., Measuring Commercial Damages Via Lost Profits or Loss of Business Value: Are These Measures Redundant or Distinguishable?, 18 J.L. & Com. 1, 20 (1998) (explaining how to measure goodwill damages) (cited by *Brennan's Inc. v. Dickie Brennan & Co. Inc.*, 376 F.3d 356, 372 (5th Cir. 2004)). It is the movant's burden to show "that money damages would not fully repair the harm." *Humana, Inc. v. Avram A. Jacobson, M.D., P.A.*, 804 F.2d 1390, 1394 (5th Cir. 1986). "Simply arguing that a company is losing customers and goodwill without showing that monetary damages are an inadequate remedy is insufficient to establish irreparable harm." *Johnson Controls, Inc. v. Guidry*, 724 F. Supp. 2d 612, 620 (W.D. La. 2010) (citations omitted); *see also DFW, supra*.

In contrast, harm related to misconduct, such as consumer confusion and reputational harm associated with a poor quality knock-off product and associated inability to obtain funding for producing and protecting the product can represent irreparable harm, so long as it is not speculative. *Daniels Health*, 710 F.3d at 585. And harm in the form of lost goodwill can be irreparable when it leads to customer confusion regarding the identity of the competing parties. *Allied Marketing*, 878 F.2d at 810 n.1. Here, however, there is no such evidence and a final judgment will determine which technology each owns and may

pursue. Thus, there is no evidence of any harm that cannot be remedied by a damages award and permanent injunction after trial.

**Threats as Harm**. Defendants also complain that threatened deployment of misappropriated trade secrets, alone, is irreparable harm. D.E. 142, p. 8. But this fails to factor in the Court's inability to determine—based on the evidence submitted—what the trade secret is, who owns it, whether Nexpera's conduct actually threatens any trade secret, or whose misappropriation is doing the greater damage. Legal maxims do not substitute for adequate proof of the underlying elements.

**Market Deployment**. Another aspect of irreparable harm that Defendants claim is market disclosure—the loss of secrecy of their design if it is deployed—because customers and others will be able to view it. D.E. 142, p. 9. This argument was not made in the motion. D.E. 118, p. 7 (listing irreparable harms); D.E. 118-1, p. 3 (discussing only competitive disadvantages). Nor was it made at the hearing. D.E. 143. Generally, a claim raised for the first time in an objection to an M&R is not properly before the district court and therefore is waived. *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *see also, e.g., Place v. Thomas*, No. 2-40923, 2003 WL 342287, at *1 (5th Cir. Jan. 29, 2003) (per curiam).

**Customer Relationships**. Last, Defendants argue that the damage to its customer relationships outlined in the Prokop affidavit (D.E. 118-1) is sufficient irreparable harm to justify preliminary injunctive relief and that the Magistrate Judge erred in reciting Nexpera's hypothetical response, based on its need to protect its own trade secrets. D.E.

142, p. 11. But there is no way to get around the fact that the parties' competing claims regarding who owns the KOH regeneration technology at issue undermines the foundation of each of the factors considered in the preliminary injunction analysis. When there is no clear owner of the trade secret, and no clear evidence of the exact technology that is threatened to be deployed, issuance of a preliminary injunction threatens to prevent a trade secret owner from using and profiting from its own trade secret. Issuing the injunction would cause, rather than prevent, harm. The competing equities do not justify injunctive relief in such circumstances.

**Cautionary Instruction**. Defendants also object to the Magistrate Judge's directive that the parties exercise caution in their communications with customers about the issues in this lawsuit as insufficient to negate the harm they complain of. D.E. 142, pp. 11-12. While it does not substitute for injunctive relief, it does not inflict new harm where injunctive relief is not otherwise justified. Both sides would be well-served to exercise caution, observe the existing preservation order, and work diligently toward a final resolution as quickly as possible. The Court sees no need to disavow the Magistrate Judge's cautionary instruction.

**McIntosh Preoccupation**. Defendants also complain that the Magistrate Judge conflated the parties' motions by relying too heavily on the McIntosh disclosures. D.E. 142, p. 12. Because this case involves allegations of misappropriation of trade secrets by both sides of the dispute, and because the issuance of an injunction is an equitable remedy, it is abundantly reasonable to consider all of the allegations, the evidence supporting each,

8 / 11

and the absence of evidence that nudges the likelihood of success and all other subsidiary issues in an injunction analysis in favor of one party. Defendants have not demonstrated that consideration of McIntosh's statement caused an improper conclusion.

**Damage Remedy**. Defendants did not deny that damages would be available to remedy such injuries or that Nexpera was sufficiently solvent to pay any judgment Sage and Prokop may obtain after trial. *See* D.E. 143, pp. 60, 67-68 (attorneys don't know whether Nexpera is solvent, but state that Nexpera has a corner on the market regarding KOH regeneration and the competitive ability to gouge clients). And the Magistrate Judge determined that permanent injunctive relief was also available, once the competing claims are proven. While Defendants' briefing claims that there is irreparable harm occurring during this pre-judgment phase of the case, they have not demonstrated that it will have anything other than a money damages impact. *See* D.E. 142, p. 7 (complaining without citation of evidence that monetary damages might be hollow relief and that a lack of a preliminary injunction could impair the Court's ability to render a meaningful judgment).

**Toss Up**. More importantly, however, this issue suffers from the same analytical defect as the issue of likelihood of success. It is not at all clear which party, if not both sides, are suffering harm—harm of the same kind—from the other's alleged misappropriation of trade secrets. The Court's sense of equity cannot distinguish between the interests of the parties on this issue. For that reason, Defendants' citation of *FMC* is inapposite. 677 F.2d at 505 (addressing unilateral harm from employment of competitor's former employee).

9 / 11

Defendants have not satisfied their burden of proof on irreparable injury.

## C. Comparative Threat of Injury if Injunction is Issued

As discussed above, both parties risk the same type of injuries if the other is not enjoined. And both could suffer injury if an injunction issues. Defendants have not objected to any finding in this regard and have not satisfied their burden of proof on this issue. Therefore, this factor does not assist Defendants.

## D. Public Interest

Nexpera observed that the public interest favors protecting trade secrets, encouraging investment and innovation in business, and ultimately protecting jobs. D.E. 143, pp. 48-49. The M&R states, "In connection with the Defendants' motion, it is not in the public interest to judicially interfere with ongoing commerce before this contested litigation is resolved." D.E. 139, p. 10. Defendants' only statement with respect to this issue is a conclusory declaration that the public interest favors relief. D.E. 142, p. 13. An objection must point out with particularity the alleged error in the Magistrate Judge's analysis. Otherwise, it does not constitute a proper objection and will not be considered. Fed. R. Civ. P. 72(b)(2); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

The comparative claims counsel against any finding that the parties on either side of this case are entitled to protection against the others.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as

Defendants' objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Defendants' objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Defendant's Opposed Joint Request for Injunctive Relief (D.E. 118) and Plaintiff's Sealed Emergency Motion for Temporary Restraining Order and Motion for Preliminary Injunction, (D.E. 123) are **DENIED** without prejudice.

      **ORDERED** on June 9, 2026.

                                        NELVA GONZALES RAMOS
                                        UNITED STATES DISTRICT JUDGE